GRAVES (ANDREWS v.). See Case No. 376.

GRAVES (LAWRENCE v.). See Case No. 8,138.

GRAVES (UNITED STATES v.). See Case No. 15,250.

GRAVES (WHITING v.). See Case No. 17,577.

## Case No. 5,710.

### GRAVES et al. v. WINTER et al.

[9 N. B. R. 357; 6 Chi. Leg. News, 284; 1 Cent. Law J. 178; 21 Pittsb. Leg. J. 159.] [1]

District Court, S. D. Mississippi. Jan., 1874.

BANKRUPTCY — KIND OF EXECUTORSHIP ADMINISTERED UNDER ACT OF 1867.

A made a codicil to his will nominating C and D his executors for the limited purpose of winding up his business (banking,) and clothing them with the necessary power to carry on the business to effect that object, without injury either to his estate or to those dealing with him as a banker. The codicil was admitted to record, and C and D qualified as such limited executors. The business was continued until the recent panic, when the executors suspended and failed to pay their depositors, and their other liabilities as bankers. A petition in bankruptcy was filed against them, which they moved to dismiss, mainly on the ground that under the powers conferred upon them by the will they are not subject to the provisions of the bankrupt act [of 1867 (14 Stat. 517)]. *Held*, that this is not one of the class of executorships designed to be administered under the bankrupt act, therefore, the petition must be dismissed at the cost of the petitioner.

[2] [From 1 N. B. R. 237 (Quarto, 19).]

[1] [Reprinted from 9 N. B. R. 357, by permission. 6 Chi. Leg. News, 284, and 21 Pittsb. Leg. J. 159, contain only partial reports.]

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

[2] [From 1 N. B. R. 237 (Quarto, 19).]

In bankruptcy.

F. B. Pratt, for petitioners.
Messrs. Johnston, for defendants.

HILL, District Judge. The questions presented for decision arise upon defendants' motion to dismiss the petition, praying to have them declared bankrupts as such. executors, and the assets in their hands administered under the bankrupt law. Several grounds, insisted upon as sustaining the motion, are stated and relied upon, only one of which need be noticed; and that is whether or not the defendants, under the powers conferred upon them, are subject to the provisions of the bankrupt act. Richard Winter made and published his last will, which has been admitted of record, in which he devised and bequeathed to his widow, Sallie F. Winter, his estate, real and personal, and nominated her as executrix, who qualified as such. Being a private banker, he made a codicil nominating the defendants his executors for the limited purpose of winding up his banking business, and clothing them for that purpose with such powers as were necessary to carry on the business to effect that object without injury either to his estate or to those dealing with him as such banker, authorizing them to receive and pay out deposits, draw drafts and checks, collect what was due to him, and pay those to whom he was indebted as such banker. This codicil was also admitted to record, and the defendants qualified as such limited executors, and they continued the business until the panic last summer or fall, when, as is alleged, they suspended and have not resumed, failing to pay their depositors, and other liabilities as bankers. It is alleged that they have made preferred payments to different individuals. The bankrupt act embraces individuals, co-partnerships, joint stock companies and corporations of almost every class, but does not, in general, embrace trustees, such as executors, administrators and guardians, and others acting strictly in a fiduciary capacity.

This is the first case, so far as I am aware, in which executors as such, have been proceeded against under our bankrupt act, either the present or former, or who have applied for its benefits. Under the English bankrupt law there are instances in which executors who were directed by the will of the testator to carry on trade in partnership with others, or in which a specific sum has been placed in the hands of the executors to be employed in trade, and was so employed, and acts were committed falling under the bankrupt laws of individuals, co-partnerships or corporations, that the executors were held amenable to the bankrupt law, and the estate so employed distributed under the bankrupt law, but in all such cases the business was conducted, not for the purpose of winding up the business, but for the purpose of employing the capital for the acquisition of profits, and benefit of the beneficiaries under the will. A fair construction of the powers conferred upon the defendants under the will, did not authorize them to continue the business longer than they might deem necessary to a fair liquidation and settlement of the business, and no power was intended to be conferred that did not tend to that object. The reception and use of deposits might be necessary for the purpose of paying off acceptances and other obligations for which the testator, in his capacity of banker, was liable; the drawing of drafts or checks on funds in the hands of others due the testator as banker might be necessary; also the drawing of such drafts or checks on such funds in favor of creditors might become the most convenient and easy mode of settling up and liquidating the debts and credits of this banking business. The banking machinery was intended only for purposes of liquidation and settlement. This was right and proper, and not inconsistent with their duties as executors under the powers conferred by the will, and though more extended than the powers usually conferred upon executors, was not inconsistent with the object of the usual powers and duties conferred upon and intended to be attained by the appointment of and duties performed by executors.

It is insisted by petitioners' counsel that the depositors and other creditors of this banking establishment have no other sufficient remedy. In this I am of opinion there is a mistake. They are trustees, and as such are liable to be proceeded against under a creditor's bill in the chancery court of Madison county by any creditor, or if a non-resident creditor, and his demand is over five hundred dollars, in the circuit court of the United States for this district, in either of which having jurisdiction, the assets can all be marshaled and paid according to the rights of the parties, and in which every discovery may be had necessary to a full and fair collection and appropriation of the assets. This is certainly so as it relates to the banking assets and liabilities; how far the estate, in the hands of Mrs. Winter, may be reached, it is not necessary now to determine. In considering the whole case as presented by the petition and exhibits, I am satisfied that this is not one of the class of executorships designed to be administered under the bankrupt act, and therefore feel constrained to sustain the motion, and dismiss the petition at petitioners' cost.